IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA J. BRUMFIELD | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2024 |
| v. | ) | |
| | ) | Judge Leinenweber |
| CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Cox |
| Defendant. | ) | |
| | ) | JURY DEMANDED |

**DEFENDANT'S MOTION TO DISMISS IN PART
PLAINTIFF'S COMPLAINT AND TO STAY ANSWER**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City, moves this Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss in part plaintiff's Complaint. In support of this motion, the City states as follows:

**INTRODUCTION**

1. On April 9, 2008, plaintiff, filed a five-count Complaint against the City. In Count I of her Complaint, plaintiff alleges that the City discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. (Cmplt. ¶¶ 55-57) In Count II, plaintiff alleges that the City "intentionally made adverse employment decisions" based on plaintiff's race (African-American), gender and sexual preference in violation of 42 U.S.C. § 1983. (Id. at ¶¶ 58-60) In Count III plaintiff alleges that the City deprived her of the security of her employment because of her color (race) in violation of 42 U.S.C. § 1981. (Id. at ¶¶ 61-63) In Count IV plaintiff alleges violations of the Illinois Human Rights Act. Finally, in Count V, plaintiff asserts a state law claim for intentional infliction of emotional distress ("IIED"). (Id. at ¶¶ 67-71) Plaintiff also seeks all wages and benefits she would have received but for the alleged

discrimination and retaliation; compensatory damages, and costs and attorney fees.

2.	Plaintiff's Title VII claims of discrimination and retaliation based on her sexual orientation in Count I should be dismissed with prejudice because Title VII does not provide a cause of action for discrimination based on sexual orientation.  This Court should also dismiss with prejudice plaintiff's Title VII claims in Count I to the extent that they are based on allegations of conduct that occurred outside the 300-day limitations period governing her EEOC charge(s) and are therefore time barred.

3.	Plaintiff's Section 1981 and Section 1983 claims in Counts II and III should be dismissed in their entirety for failure to state a claim against the City under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 690-91 (1978), because plaintiff has not alleged that a City policy, practice or custom caused plaintiff's alleged constitutional deprivations.  Moreover, the Court should dismiss with prejudice plaintiff's Section 1981 and 1983 claims to the extent that they are based on allegations that occurred outside the applicable four-year and two-year statutes of limitations for those claims.

4.	Plaintiff's state law claims should also be dismissed.  Plaintiff fails to state a claim in Count IV because plaintiff has not alleged that she exhausted her administrative remedies under the Illinois Human Rights Act ("IHRA"), which is fatal to her claim.  Count V of the complaint should also be dismissed because the IHRA and the Illinois Workers' Compensation Act bars plaintiff from suing the City.  Plaintiff also fails to sufficiently allege an intentional infliction of emotional distress claim in that she does not sufficiently allege extreme and outrageous conduct by the City and she does not allege that the City's actions in fact caused her severe emotional distress.

5.      The City requests that the time to answer all claims should be stayed pending ruling on this motion to dismiss.

6.      The City incorporates herein its Memorandum of Law in Support of this motion.

## CONCLUSION

For the foregoing reasons, and as more fully set forth in its Memorandum of Law, the City respectfully requests that this Court dismiss in part plaintiff's Complaint and stay the time to answer the remaining claims pending the ruling on this motion.

**DATED:** July 9, 2008.

                                              Respectfully submitted,

                                              MARA S. GEORGES
                                              Corporation Counsel of the
                                              City of Chicago

By:    s/ *Robert C. Rutherford, Jr.*
        ROBERT C. RUTHERFORD, Jr.
        MARCELA D. SÁNCHEZ
        Assistants Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-7036/ 744-9332