IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA J. BRUMFIELD, | ) | 08 C 2024 |
| Plaintiff, | ) | |
| | ) | Judge Leinenweber |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITY OF CHICAGO'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS IN PART PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, submits this Reply in further support of its motion to dismiss in part plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**INTRODUCTION**

The City has moved to dismiss a portion of Count I of plaintiff's complaint and all of Counts II, III, IV, and V. With respect to Count I, plaintiff concedes in her response brief (at 2) that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, does not provide a private right of action for discrimination based on sexual orientation; therefore, plaintiff's Title VII discrimination and retaliation claims based on her sexual orientation should be dismissed with prejudice. Plaintiff also concedes that Count IV of her complaint fails to state a claim under the Illinois Human Rights Act ("IHRA") because she has not alleged that she exhausted her administrative remedies. Pl. Rep. at 4. As such, Count IV should be dismissed.

The City also moves to dismiss another portion of plaintiff's Title VII race and retaliation claims in Count I to the extent that those claims are based on events that occurred more than 300 days before plaintiff filed her EEOC charge on November 27, 2006. Plaintiff responds that her

allegations regarding conduct outside the limitations period are not claims under Title VII but are "probative of Defendant's discriminatory and retaliatory intent and of the working atmosphere Defendant created" and relate to plaintiff's other claims. Pl. Resp. at 2. Regardless how plaintiff attempts to characterize her claims, it is well-settled that she is barred from litigating claims that were not timely filed with the EEOC and, as such, the Court should dismiss with prejudice as untimely all of plaintiff's Title VII claims in Count I that are based on allegations of discrimination or retaliation that occurred between August 2003 and January 31, 2006.

As to Counts II and III, plaintiffs' Sections 1981 and 1983 claims against the City, the Court should dismiss both counts in their entirety pursuant to Rule 12(b)(6) for failure to state a claim because plaintiff has not alleged that a City policy, practice or custom caused her alleged constitutional deprivations as required by Monell v. Dept. of Social Servs., 436 U.S. 658, 690-91 (1978). In response, plaintiff erroneously asks this Court to infer essential elements of a municipal liability claim from certain factual allegations in her complaint, such as the fact that the "Superintendent of Police disliked [her] statements," and "a bulk of her claims rise out of the City's handling of the Complaint Register" and "psychological testing" procedures. Pl. Resp. at 3. As argued below, however, these allegations are insufficient as a matter of law to state municipal liability claims against the City.

As to Count V of plaintiff's complaint for intentional infliction of emotional distress ("IIED"), which the City moves to dismiss on grounds it is preempted by the IHRA and Illinois Worker's Compensation Act ("IWCA"), plaintiff responds that her IIED claim is not preempted by the IHRA because allegations supporting her IIED claim are "completely independent of the allegations of discrimination" (at 5), and that the IWCA does not preempt her claim because her

injury was not accidental and not compensable (at 6-8). However, for the reasons argued below, plaintiff is incorrect on both points. Plaintiff is also incorrect in her belief that she has stated a claim for IIED. Indeed, in her response plaintiff does not even address the City's argument that she has not alleged facts sufficient to demonstrate that she in fact suffered severe emotional distress. Accordingly, this Court should grant the City's motion to dismiss in part plaintiff's complaint.

## ARGUMENT

**I.  Plaintiff's Title VII Claims Are Time-Barred to the Extent They Are Based on Conduct that Occurred Prior to January 31, 2006.**

Plaintiff does not dispute that Title VII requires an individual to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1). Plaintiff likewise does not dispute that the alleged discrimination she claims to have experienced while she worked at the CPD Training Academy from January 2003 to "early 2004" (Compl. ¶¶16-22) or the 24th District from September 2004 to January 18, 2006 (Compl. ¶¶23-30) all occurred well outside the outer limit of the requisite EEOC filing period in this case. Nonetheless, plaintiff argues that these time-barred allegations "are probative of Defendant's discriminatory and retaliatory intent and of the working atmosphere Defendant created." Pl. Resp. at 2. Plaintiff's argument is unavailing, however, because she has not alleged a hostile work environment claim, but a series of discrete discriminatory acts. See generally Compl. As such, as the United States Supreme Court made clear in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S.Ct. 2162, 2175 (2007), "when an employee alleges 'serial violations,' *i.e.,* a series of actionable wrongs, a timely EEOC charge must be filed with respect to each discrete

alleged violation." (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). Because plaintiff failed to file an EEOC charge with respect to the alleged discrimination that occurred between January 2003 and January 31, 2006, those allegations are time-barred and should be dismissed with prejudice.

 Moreover, even if plaintiff had alleged a hostile work environment claim, the allegations of discrimination that occurred while plaintiff worked at the Academy or 24th District are still time-barred because they are too remote and attenuated to the other discriminatory acts she alleges to be considered part of the same unlawful employment practice. The United States Supreme Court held in Morgan that, in order for time-barred incidents to be considered by a court for the purposes of determining a hostile work environment claim, the time-barred acts must be part of the same unlawful employment practice. 536 U.S. at 117. Put another way, if the acts are "so discrete in time or circumstances that they do not reinforce each other, [they] cannot reasonably be linked together into a single chain, a single course of conduct, to defeat the statute of limitations." Tinner v. United Ins. Co. of Am., 308 F.3d 697, 708 (7th Cir. 2002) (citations omitted). Courts have held that time-barred acts are not part of the same hostile work environment when there is a lengthy gap between the two sets of acts, or when the acts are not committed by the same individuals. See, e.g., Selan v. Kiley, 969 F.2d 560, 567 (7th Cir. 1992) (holding that even though acts in question involved the same type of discrimination (racial), because there was a two-year gap between the acts, they were not frequent enough to support a continuing violation claim); Lucas v. Chicago Transit Auth., 367 F.3d 714, 727 (7th Cir. 2004) (holding time-barred act not part of same hostile work environment claim where it occurred three-years prior and involved a different supervisor). Because plaintiff's allegations of

discrimination that occurred while she was at the Academy and 24th District occurred years before she filed her EEOC charge on November 27, 2006 and involved completely different individuals, they are too remote and attenuated to be considered part of the same "unlawful employment practice."

Finally, even if the time-barred incidents are somehow related to plaintiff's other acts of alleged discrimination that are not time-barred, they should still be dismissed because they constitute independent, discrete acts of discrimination for which plaintiff was required to file timely EEOC charges but did not. See Morgan, 536 U.S. at 113 ("[D]iscrete discriminatory acts are not actionable if time barred, *even when they are related to acts alleged in timely filed charges*.") (emphasis added). Based on her own allegations in the complaint, plaintiff clearly believed that the way she was treated in the Academy and 24th District was unfair and discriminatory at the time the alleged discrimination occurred. See Compl. ¶¶17, 21-23, 28-30. It is well-settled that, "a plaintiff who feels discriminated against by a discrete act, but fails to timely file charges on that act, cannot later reach back to those events when the statute of limitations expires in order to form a continuing violation claim." Tinner, 308 F.3d at 708. Accordingly, this Court should dismiss all of plaintiff's Title VII claims to the extent they are based on time-barred allegations of discrimination that occurred between January 2003 and January 31, 2006.

**II.     Counts II and III Should Be Dismissed For Failure to State a Claim Under <u>Monell</u>**

Plaintiff's Sections 1981 and 1983 claims against the City should be dismissed in their entirety because plaintiff has not alleged that a City policy, practice or custom caused her alleged constitutional deprivations. Monell, 436 U.S. at 690-91. Although plaintiff does not dispute that

the City cannot be held liable unless she establishes that a City policy, practice or custom caused her alleged constitutional injury, in her response plaintiff improperly attempts to cure the deficiencies in her complaint by asking this Court to infer essential elements of a municipal liability claim from certain vague factual allegations in the complaint.  For example, plaintiff argues in her response that she can pursue a municipal liability claim against the City under Monell because she alleges that the "Superintendent of Police disliked [her] statements" and a person with "final policymaking authority" therefore "condoned and perhaps even ordered" her constitutional injury.  Pl. Resp. at 3.  In the first instance, plaintiff's complaint contains no such allegations, and it is well-settled that a plaintiff cannot raise a new claim for the first time in a response brief.  See, e.g., Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) (a complaint may not be amended by briefs in opposition to a motion to dismiss).

Second, even if plaintiff had alleged that the individuals in the complaint had policy-making authority (she does not), her Sections 1981 and 1983 claims would still warrant dismissal.  Plaintiff's blatant speculation that someone with "final policymaking authority" "condoned and perhaps even ordered" her constitutional injury is plainly insufficient in light of the United States Supreme Court's holding in Bell Atlantic Corp. v. Twombly that "factual allegations must be enough to raise a right to relief above the speculative level." 127 S.Ct. 1955, 1965 (2007). Similarly, with respect to her argument that the Superintendent of Police has final policymaking authority, plaintiff is wrong as a matter of law.  The Seventh Circuit has unequivocally held that the Superintendent of Police is *not* a final policymaker with respect to the CPD.  Auriemma v. Rice, 957 F.2d 397, 401 (7th Cir. 1992).  It therefore stands to reason that any lower-rank CPD officials, such as the officers, lieutenant, or sergeants plaintiff complains

about in her complaint, likewise are not final policymakers.  As such, plaintiff cannot state Sections 1981 and 1983 claims against the City on that basis.  See Ekermamn v. City of Chicago, No. 01 C 9686, 2002 WL 1008458 at *2 (N.D. Ill. May 16, 2002) ("Neither the Superintendent of Police, [ ] nor lower-ranking officers . . . are the final policymaking authority for matters involving the Chicago Police Department.")

Plaintiff's argument in her response that she has alleged municipal liability claims against the City because "a bulk of her claims rise out of the City's handling of the Complaint Register procedure" and "the police department's use of the psychological testing procedures" similarly misses the mark.  Pl. Resp. at 3.  It is not enough for plaintiff to allege the mere existence of a City policy or procedure.  As the Court explains in Harrison v. City of Chicago, "[t]he City of Chicago, no doubt, has a great many policies, the existence of which could be alleged in a complaint."  No. 05 C 2680, 2005 WL 3542576, at *4 (N.D. Ill. Dec. 22, 2005).  Alleging the existence of a City policy does not state a municipal liability claim unless the plaintiff also alleges facts sufficient to "tie the policy" to the alleged constitutional injury.  Id.  Here, plaintiff's complaint is devoid of any allegations that would establish that the CPD's Complaint Register or psychological testing procedures were the "moving force" directly causing her alleged constitutional injuries.  See Hulbert, 120 F.3d at 656.  Rather, plaintiff at most has alleged that certain individuals used these procedures in a discriminatory fashion; she has not alleged that either procedure itself is discriminatory.  As a result, this Court should dismiss plaintiff's Sections 1981 and 1983 claims against the City for failure to allege that a municipal custom, policy or practice caused her alleged injuries.

**III.   Plaintiff's IIED Claim Should Be Dismissed With Prejudice**

    **A.   The IHRA Preempts Plaintiff's IIED Claim**

In her response, plaintiff argues that the IHRA does not preempt her IIED claim because "the City's repeated harassment of [her] is actionable regardless whether the motive was discriminatory." Pl. Resp. at 5. As argued in the City's opening brief, however, plaintiff's allegations supporting her IIED claim are "inextricably linked" with her discrimination claims because she alleges she received numerous complaint registers and was singled out for mistreatment because of her race, gender or sexual orientation. In circumstances such as these, where discrimination is the "core" of plaintiff's IIED theory and the discrimination is not merely "incidental" to a mundane tort, courts routinely hold that the IIED claim is preempted. Boring v. World Gym Bishop, Inc., No. 06 C 3260, 2008 WL 410638, at *3 (N.D. Ill. Feb. 13, 2008); see also Smith v. Chicago Sch. Reform Bd., 165 F.3d 1142, 1151 (7th Cir.1999) (finding preemption where racial discrimination was not merely incidental to the claim of IIED but rather the core of plaintiff's theory); Stansberry v. Uhlich Children's Home, 264 F. Supp. 2d 681, 690 (N.D. Ill. 2003) (holding IIED claims barred by IHRA where they were inextricably linked to Title VII claims). Plaintiff's IIED claim therefore should be dismissed with prejudice.

    **B.   The IWCA Preempts Plaintiff's IIED Claim**

Similarly, the Court should dismiss plaintiff's IIED claim because it also is preempted by the IWCA. As stated in the City's opening brief, which plaintiff does not dispute, in order for a plaintiff to avoid preemption of an IIED claim by the IWCA, the employee must show one of the following four exceptions: that the injury (1) was not accidental, (2) did not arise from her employment, (3) was not received during the course of employment or (4) was not compensable

under the IWCA. Meerbrey v. Marshall Field & Co., 564 N.E.2d 1222, 1226 (Ill. 1990); Collier v. Wagner Castings Co., 408 N.E.2d 198, 202 (Ill. 1980). In her response, plaintiff argues that her IIED claim is not preempted because she alleges sufficient facts in her complaint to show that her injury was not accidental and it is not compensable under the IWCA. Pl. Resp. at 7-8. With respect to the former exception, plaintiff argues that her injury was not accidental because "several individuals with authority discriminated against her, and on several occasions." Id. at 7. However, the case plaintiff cites in support of this proposition, Crissman v. Healthco Int'l Inc., No. 89 C 8298, 1992 WL 223820, at *8 (N.D. Ill. Sept. 2, 1992), expressly states that "[s]tatus as a 'foreman, supervisor, or manager' alone, without the authority to make decisions and set policy on behalf of an employer, will not suffice to render an intentional tortfeasor an alter ego [of the employer]." As argued supra, none of the individuals who plaintiff alleges participated in her discrimination are policymakers for the City. See Auriemma v. Rice, 957 F.2d 397, 401 (7th Cir. 1992). Thus, the barebones allegations in plaintiff's complaint are insufficient to show that the City itself—as opposed to any of its employees—intentionally injured plaintiff. See McPherson v. City of Waukegan, 379 F.3d 430, 443 (7th Cir. 2004) (holding IIED claim was preempted where plaintiff failed to show that the city itself had "committed, commanded, or expressly authorized" the torts against her).

Plaintiff likewise failed to demonstrate that she satisfies the preemption exception that her injury was not compensable under the IWCA. In her response, plaintiff incorrectly argues that her IIED claim is not preempted because "whether an employee may recover for an IIED claim is, at best, uncertain." Pl. Resp. at 7. The Illinois Supreme Court has long held that "emotional distress is compensable under the [IWCA] and, therefore, [a] plaintiff cannot escape

9

the exclusivity provisions on this basis." Collier, 408 N.E.2d at 202.  Because plaintiff failed to allege facts sufficient to show that she satisfies any of the IWCA preemption exceptions, the Court should dismiss her IIED claim with prejudice.

    **C.**    **Plaintiff Fails to Allege Facts Sufficient to State an IIED Claim**

Even if plaintiff's IIED claim were not preempted, the Court should still dismiss it because plaintiff does not allege facts sufficient to state a claim.  Specifically, plaintiff does not allege facts that would demonstrate the City's conduct was "extreme and outrageous" or that its conduct in fact caused plaintiff "severe emotional distress." Doe v. Calumet City, 641 N.E.2d 498, 506 (Ill. 1994).  In her response, plaintiff argues that the indignities she was forced to endure "went far beyond the normal indignities and inconveniences one would expect to experience at work," and she cites Naeem v. McKesson Drug Co., 444 Fl3d 593, 605 (7th Cir. 2006) in support.  Pl. Resp. at 9.  The plaintiff in Naeem was forced to climb up an unstable metal stairway, had her computer sabotaged to deny her access and alter her files, was publicly criticized, had her office and paperwork moved so that she could not find it, and had her workload increased so that she could not possibly complete it.  Id.  Importantly, the plaintiff in Naeem was pregnant, which the court found was important in stating an IIED claim, especially because the defendants "knew that [the plaintiff] was pregnant at the time, and, consequently, was particularly susceptible to emotional distress."  Id. at 606.  Because plaintiff here does not allege facts that would show that she was particularly susceptible to emotional distress so that the "typical disagreements or job related stress caused by the average work environment" constituted extreme or outrageous conduct, or that the City knew about any susceptibility, she does not state a claim for IIED.

Moreover, even if plaintiff alleged sufficient facts to show extreme or outrageous conduct, she still does not state an IIED claim because she fails to allege that the City's actions in fact caused her "severe emotional distress." McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988). The City argued in its opening brief that plaintiff's conclusory allegations that she "suffered severe emotional distress, mental anguish, anxiety, humiliation, depression and physical damage" (Compl. ¶ 71), are insufficient to state a claim under Twombly, which requires "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65.  Plaintiff did not address this pleading deficiency in her response.  Accordingly, the Court should dismiss her IIED claim for failure to state a claim.

WHEREFORE, Defendant City of Chicago respectfully requests that this Court grant its motion to dismiss in part plaintiff's amended complaint.

**Dated:** August 8, 2008                                             Respectfully submitted,

                                                                     MARA S. GEORGES
                                                                     Corporation Counsel, City of Chicago

                                        BY:     /s/ Marcela D. Sánchez
                                                               MARCELA D. SÁNCHEZ
                                                               ROBERT C. RUTHERFORD, JR.
                                                               Assistants Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-9332/(312) 742-7036