IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LINDA J. BRUMFIELD,** | |
|         Plaintiff, | Case No. 08 C 2024 |
|     v. | Hon. Harry D. Leinenweber |
| **CITY OF CHICAGO,** | |
|         Defendant. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Chicago's Motion to Dismiss in Part Plaintiff's Complaint and Stay Answer. For the following reasons, the motion is granted in part and denied in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2008, Plaintiff Linda Brumfield (hereinafter, "Plaintiff") filed a five-count Complaint against the City of Chicago (hereinafter, the "City"). The Plaintiff is a female homosexual African-American police officer and employee of the City. Count I alleges that the City discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. Count II alleges that the City made intentionally adverse employment decisions against her based on her race, gender, and sexual preference in violation of 42 U.S.C. § 1983. Count III alleges that the City deprived her of the security of her employment because of her race in violation of 42 U.S.C. § 1981.

Count IV alleges violations of the Illinois Human Rights Act (the "IHRA"). Count V alleges a state law claim for intentional infliction of emotional distress ("IIED").

On November 27, 2006, Plaintiff cross-filed charges of employment discrimination against the City with the Illinois Department of Human Rights (the "IDHR") and the United States Equal Employment Opportunity Commission (the "EEOC"). In this charge, she alleged that discrimination took place from October 1, 2003 to November 27, 2006 based on her race and sex. Specifically, she alleged that since October 2003, she had been subjected to harassment in the form of excessive discipline and derogatory remarks; in June 2006, she was subjected to unnecessary medical and psychological exams; and in August, October, and November 2006, she was disciplined.

On May 17, 2007, Plaintiff cross-filed another charge based on retaliation from January 16, 2007 to May 10, 2007. She alleged that she did not receive a transfer that she requested until she bid for it, the Police Department filed unwarranted complaint registers against her, she was forced to submit to unnecessary psychological and medical exams, and she was forced to drive an unsafe vehicle and injured on the job as a result.

On December 11, 2007, Plaintiff cross-filed a third charge based on retaliation from January 1, 2007 to November 5, 2007. She alleged that she was subjected to unwarranted disciplinary actions, placed on mandatory medical stationary status, subjected to

psychological exams, and stripped of police powers and removed from the department bidding process. Ex. A to Def.'s Mem.

On January 10, 2008, the EEOC issued Plaintiff right-to-sue letters for each of her three EEOC charges. *See* Ex. C to Def.'s Mem.

The City moves to dismiss a portion of Count I and all of Counts II, III, IV, and V.

## II. STANDARD OF REVIEW

In evaluating a motion to dismiss, the court must accept as true all well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). "A complaint must always, . . . allege 'enough facts to state a claim to relief that is plausible on its face,'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

## III. DISCUSSION

### A. Count I (Title VII)

With respect to Count I, the City argues that to the extent that Plaintiff bases her Title VII claim on sexual orientation, that claim is not cognizable and should be dismissed with prejudice. The Plaintiff concedes this point in her response. Count I is dismissed to the extent that it is based on Plaintiff's sexual orientation.

The City further moves to dismiss Plaintiff's Title VII claim to the extent that the claim is based on events that occurred more than 300 days before Plaintiff filed her first EEOC charge on November 27, 2006. Plaintiff argues that those allegations, some of which reach as far back as 2003, are "probative of Defendant's discriminatory and retaliatory intent and of the working atmosphere Defendant created." Pl.'s Response at 2. The Complaint does not assert a hostile working environment claim; it asserts only claims for discrete discriminatory and retaliatory acts. *See* Compl. ¶¶ 55-57.

To the extent that Plaintiff bases her claim on discrete discriminatory or retaliatory acts that occurred before January 31, 2006, those allegations are untimely. *See* Compl. ¶¶ 16-30; *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Specifically, allegations of discrimination that took place while Plaintiff worked at the Chicago Police Department ("CPD") Training Academy from January 2003 until early 2004, *see* Compl. ¶ 16, are time-barred and dismissed with prejudice.

However, Plaintiff's allegations concerning having a complaint filed against her (and subsequent suspension) for being disrespectful to Sergeant Nelli on November 22, 2005, *see* Compl.

¶¶ 29-30, are relevant to her timely allegations of being subjected to unwarranted psychological evaluations and unfair discipline in 2006, *see* Compl. ¶¶ 31-41.  "The existence of past acts and the employee's prior knowledge of their occurrence, . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.  Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim."  *Morgan*, 536 U.S. at 113.  Plaintiff may use that incident as background evidence in support of her timely claims regarding unfair discipline in June, August, October, and November 2006.  Thus, the City's Motion to Dismiss Count I based on timeliness is granted in part and denied in part.

    **B.   Counts II (Section 1983) and III (Section 1981)**

Section 1981 claims are subject to a four-year statute of limitations, and Section 1983 claims are subject to a two-year statute of limitations.  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-84 (2004); *Licari v. City of Chicago*, 298 F.3d 664, 667-668 (7th Cir. 2002).  Plaintiff filed her complaint on April 9, 2008.  To the extent that Plaintiff alleges acts of discrimination under Section 1981 that occurred before April 9, 2004, those are dismissed with prejudice.  To the extent that Plaintiff alleges acts of discrimination under Section 1983 that occurred before April 10, 2006 (*see* Compl. ¶ 30), those are dismissed with prejudice.

With respect to the remainder of Plaintiff's claims under Sections 1981 and 1983, the City argues that she has not alleged that any municipal policy, practice, or custom caused her constitutional deprivations, as required by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The Court agrees and dismisses the remainder of Counts II and III without prejudice. Plaintiff is granted leave to amend if she so chooses.

### C.　Count IV (IHRA)

With respect to Count IV, the City argues that Plaintiff has not alleged exhaustion of her administrative remedies under the IHRA. Plaintiff concedes this point and moves to amend. *See* Pl.'s Response at 4. The Court dismisses Count IV without prejudice, and Plaintiff is granted leave to amend.

### D.　Count V (IIED)

With respect to Count V, the City argues that it is preempted by the IHRA, barred by the Illinois Worker's Compensation Act ("IWCA"), and that Plaintiff has not alleged facts sufficient to demonstrate that she suffered severe emotional distress. Under the IHRA, the Illinois Human Rights Commission has exclusive jurisdiction over civil rights violations. *See* 775 ILCS 5/8-111(D) ("no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). It is a civil rights violation "[f]or any employer . . . to act with respect to recruitment, hiring, promotion,

renewal of employment, selection of training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status." 775 ILCS 5/2-102(A). Whether this Court "may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic v. Tsogalis, et al.*, 687 N.E.2d 21, 23 (Ill. 1997); *see also Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) ("The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached. . . .").

Here, Plaintiff alleges that she was subjected to unwarranted psychological and medical examinations and was injured when she was forced to drive an unsafe vehicle with bad brakes. The Court finds that these claims are not "inextricably linked" to her race and sex discrimination claims; this is "behavior that would be a tort no matter what the motives of the defendant." *Naeem*, 444 F.3d at 605. Thus, the Court finds that Plaintiff's IIED claim is not preempted by the IHRA.

However, the Court finds that Plaintiff's IIED claim is barred by the IWCA. The IWCA provides that "[n]o common law or statutory right to recover damages from the employer, . . . for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided,

is available to any employee who is covered by the provisions of this Act." 820 ILCS 305/5(a).  The IWCA imposes liability without fault upon the employer; in exchange, employees may not bring common law suits against the employer. *Meerbrey v. Marshall Field and Co., Inc., et al.*, 564 N.E.2d 1222, 1225 (Ill. 1990).  The exclusivity provisions of the IWCA "bar an employee from bringing a common law cause of action against his or her employer unless the employee-plaintiff proves: (1) that the injury was not accidental; (2) that the injury did not arise from his or her employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the Act." *Id.*

Here, the only issue is whether the injury was "accidental." The Illinois Supreme Court has held that:

> injuries inflicted intentionally upon an employee by a co-employee are "accidental" within the meaning of the Act, since such injuries are unexpected and unforeseeable from the injured employee's point of view.  Such injuries are also accidental from the employer's point of view, at least where the employer did not direct or expressly authorize the co-employee to commit the assault. . . . The exclusivity provisions will not bar a common law cause of action against an employer, however, for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer.

*Id.* at 1226. Plaintiff has not alleged that the City commanded or expressly authorized the injuries inflicted upon her. Nor has she alleged that the individuals who disciplined her, ordered her to

undergo psychological examinations, or drive an unsafe vehicle were alter egos of the City. "[S]tatus as a 'foreman, supervisor, or manager,' by itself, will not suffice. . . . the individual must 'in a practical sense, speak[] for the company.' In other words, the managerial employee should possess 'the authority to make decisions and set policy on behalf of' the employer." *Daulo v. Commonwealth Edison*, 938 F.Supp. 1388, 1406 (N.D. Ill. 1996) (internal citations omitted). None of the individuals who Plaintiff alleges took action against her had such policymaking authority on behalf of the City. *See Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir. 1992). Thus, Count V is dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated herein, the City of Chicago's Motion to Dismiss in Part Plaintiff's Complaint and Stay Answer is granted in part and denied in part.

**IT IS SO ORDERED.**

                                                                              Harry D. Leinenweber, Judge
                                                                              United States District Court

**DATE:**        September 4, 2008